**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malaika Washington, et al., | No. CV-21-01318-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Freedom of Expression LLC, et al., | NOT FOR PUBLICATION |
| Defendants. | |

Before the Court is Plaintiff's Motion to Compel Discovery Responses and 30(b)(6) Deposition (Doc. 22). The motion is fully briefed (Docs. 27, 29). For the reasons that follow, the Court will grant the motion.

**I.**

Plaintiff initiated this action on July 29, 2021. (Doc. 1.) Plaintiff principally alleges Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff and others minimum wage for work performed. (*Id.* ¶ 1.) Plaintiff served written discovery on Defendants on November 16, 2021. (*See* Doc. 13 at 7.) The parties agreed, however, that Defendants would not be required to respond to Plaintiff's discovery requests until 30 days after the Court's scheduling conference. (*See* Doc. 22 at 3; Doc. 27 at 2.) The scheduling conference was held on January 12, 2022. (*See* Doc. 17.) Accordingly, Defendants' responses were due February 11, 2022.

Defendants did not timely respond to Plaintiff's discovery requests. For that reason, the parties filed a joint motion to amend the scheduling order to extend the deadline for

Plaintiff to file a motion for conditional certification. (Doc. 19.) The motion was predicated on Defendants agreeing to respond to Plaintiff's discovery requests by February 24, 2022, and to have a corporate representative give a 30(b)(6) deposition on March 10, 2022. (*See* Doc. 22 at 3.)

In the days leading up to the scheduled deposition, Plaintiff's counsel repeatedly attempted to reach Defendants' counsel without success. (*Id.*) Finally, on March 8, 2022, Defendants' counsel assured Plaintiff's counsel that Defendants' discovery responses were forthcoming and that the 30(b)(6) deposition would go forward as planned. (*Id.*) The morning the deposition was scheduled, however, Defendants' counsel informed Plaintiff's counsel that Defendants' 30(b)(6) representative was ill and that the deposition would need to be rescheduled. (*Id.* at 3–4.) Plaintiff's counsel has since contacted Defendant's counsel to reschedule the deposition but has been unable to reach counsel. Defendants still have not provided responses (or objections) to Plaintiff's written discovery requests.

**II.**

The Court begins by noting that, under the procedure set forth in the Scheduling Order, the parties' discovery dispute should have been submitted as a joint motion of three pages or less in length. (*See* Doc. 18 at 4.) While the Court, in its discretion, will nevertheless address Plaintiff's motion, the Court admonishes the parties for failing to adhere to this provision of the Scheduling Order. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules.").

Plaintiff petitions the Court to compel Defendants to respond to her discovery requests and to produce a Rule 30(b)(6) representative for deposition. Generally, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy

1  requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of
2  showing that the discovery should be prohibited, and the burden of clarifying, explaining
3  or supporting its objections." *Bryant v. Ochoa*, No. 07-cv-00200, 2009 WL 1390794, at *1
4  (S.D. Cal. May 14, 2009). "Those opposing discovery are 'required to carry a heavy burden
5  of showing' why discovery should be denied." *Gottesman v. Santana*, No. 16-cv-02902,
6  2017 WL 5889765, at *3 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th
7  Cir. 1975)).

8  Nearly five months have elapsed since Plaintiff initially served written discovery
9  on Defendants. In those months, Defendants have neither responded nor provided specific
10 objections to Plaintiff's requests. (*See* Doc. 18 at 2 ("The Federal Rules of Civil Procedure
11 do not permit 'general' or 'global' objections. The Court will therefore neither consider
12 nor rule on objections that are not specific to the individual interrogatory or request
13 propounded.").) Even in Defendants' brief in opposition to Plaintiff's motion to compel,
14 Defendants fail to object to Plaintiff's discovery requests with any reasonable degree of
15 specificity. Instead, Defendants make only vague, conclusory arguments in an attempt to
16 justify their consistent inaction: "[The] discovery requests submitted were vastly overbroad
17 given the posture of the case, featuring only a single plaintiff, and the presumptive
18 limitations the Court imposes upon discovery." (Doc. 27 at 2.) "Defendants have continued
19 to seek out and produce information legitimately relevant to this lawsuit despite Plaintiff's
20 cavalier directives, and have submitted relevant documents as part of their rolling
21 disclosures." (*Id.* at 3.) "Plaintiff should withdraw and submit further revised acceptable
22 sets of discovery requests. These requests must clearly remain within the limitations set
23 forth by the Court or request an order from the Court authorizing Plaintiff to exceed the
24 Court's presumptive limitations." (*Id.*)

25 Defendants' conclusory arguments are both unpersuasive and untimely. *See, e.g.*,
26 Fed. R. Civ. P. 33(b) ("The responding party must serve its answers and any objections
27 within 30 days after being served with the interrogatories. . . . Any ground not stated in a
28 timely objection is waived unless the court, for good cause, excuses the failure."). While

Defendants could legitimately object to Plaintiff's requests as exceeding the discovery limitations set forth in the Court's Scheduling Order, Defendants fail to specify *how* the requested discovery exceeds those limitations. Absent such explanation, the Court is simply unable to entertain Defendants' objection. As Plaintiff noted in her reply, "[i]f Defendants truly believed Plaintiff's discovery was excessive or burdensome, then it was incumbent upon Defendants to explain *why* or *how*." (Doc. 29 at 3.) Defendants had ample opportunity to do so, and did not. Further, Defendants' counsel's failure to adequately communicate with Plaintiff's counsel in a timely manner belies Defendants' contention that they have "attempted to maintain an open dialogue with Plaintiff and her legal representative." (Doc. 27 at 5.) Defendants have therefore failed to carry the "heavy burden" of showing why Plaintiff's requested discovery should be denied, *see Gottesman*, 2017 WL 5889765, at *3, and the Court concludes Defendants should be compelled to respond to Plaintiff's written discovery in full.

### III.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Compel Discovery Responses and 30(b)(6) Deposition (Doc. 22). Defendants shall provide complete responses to Plaintiff's written discovery requests by no later than **Friday, April 29, 2022**.

**IT IS FURTHER ORDERED** that Defendants shall make a Rule 30(b)(6) representative available for deposition by no later than **Friday, April 22, 2022**.

**IT IS FINALLY ORDERED** that the Court reserves discretion to entertain a motion or *sua sponte* order sanctions against Defendants and their counsel for continued failure to cooperate in the discovery process.

Dated this 11th day of April, 2022.

Michael T. Liburdi
United States District Judge