**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malaika Washington, et al., | No. CV-21-01318-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Freedom of Expression LLC, et al., | |
| Defendants. | |

**I.**

On June 21, 2022, the Court held oral argument on Plaintiff's Motion to Amend the Scheduling Order and for Rule 37 Sanctions (Doc. 33). At the hearing, the Court concluded that Defendants had not complied fully with their discovery obligations and ordered Plaintiff to file a proposed order, along with briefing, setting forth the relief Plaintiff seeks for Defendants' discovery violations. (Doc. 39). Plaintiff did so (Doc. 41), and Defendants responded (Doc. 42). The Court now rules.

**II.**

Plaintiff commenced this action on July 29, 2021. (Doc. 1.) Plaintiff principally alleges Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff and others minimum wage for work performed. (*Id.* ¶ 1.) Plaintiff served written discovery on Defendants on November 16, 2021. (*See* Doc. 13 at 7.) The parties agreed Defendants would not be required to respond to Plaintiff's discovery requests until 30 days after the Court's scheduling conference. (*See* Doc. 22 at 3; Doc. 27 at 2.) The

scheduling conference was held on January 12, 2022. (*See* Doc. 17.) Accordingly, Defendants' responses were due February 11, 2022.

Defendants did not timely respond to Plaintiff's discovery requests. The parties therefore filed a joint motion to amend the scheduling order to extend the deadline for Plaintiff to file a motion for conditional certification. (Doc. 19.) The motion was predicated on Defendants agreeing to respond to Plaintiff's discovery requests by February 24, 2022, and agreeing to have a corporate representative give a 30(b)(6) deposition on March 10, 2022. (*See* Doc. 22 at 3.)

In the days leading up to the scheduled deposition, Plaintiff's counsel repeatedly attempted to reach Defendants' counsel without success. Finally, on March 8, 2022, Defendants' counsel assured Plaintiff's counsel that Defendants' discovery responses were forthcoming and that the 30(b)(6) deposition would go forward as planned. The morning the deposition was scheduled, however, Defendants' counsel informed Plaintiff's counsel that Defendants' 30(b)(6) representative was ill and that the deposition would need to be rescheduled. (*Id.* at 3–4.) Plaintiff's counsel then tried to contact Defendant's counsel to reschedule the deposition but was unsuccessful. As a result, Plaintiff filed a motion to compel discovery.

The Court granted Plaintiff's motion on April 11, 2022. (Doc. 30.) In its order, the Court concluded that, because "Defendants . . . neither responded nor provided specific objections to Plaintiff's requests," and instead "ma[d]e only vague, conclusory arguments in an attempt to justify their consistent inaction," "Defendants should be compelled to respond to Plaintiff's written discovery in full." (*Id.* at 3–4.) The Court therefore ordered Defendants to "provide complete responses to Plaintiff's written discovery requests by no later than Friday, April 29, 2022" and "make a Rule 30(b)(6) representative available for deposition by no later than Friday, April 22, 2022."[1] (*Id.* at 4.)

Defendants did not comply with the Court's order. First, notwithstanding the Court's clear instructions, Defendants produced zero documents in response to Plaintiff's

---

[1] The parties subsequently agreed to extend the deadline for Defendants to make a Rule 30(b)(6) representative available to May 18, 2022. (Doc. 31.)

requests for production. Second, Defendants did not timely and fully respond to Plaintiff's interrogatories. Two Defendants, Wisnowski Incorporated and Skin Cabaret LLC, failed to serve interrogatory responses at all. Third, despite Plaintiff's counsel's numerous attempts to reach Defendants' counsel in order to avoid filing an additional discovery motion, Defendants' counsel either insisted that "you'll get it in the next few days" or declined to respond at all. Accordingly, on June 10, 2022, the fact discovery deadline, Plaintiff filed a Motion to Amend the Scheduling Order and for Rule 37 Sanctions. (Doc. 33.) The Court subsequently issued an order setting oral argument on the motion for Monday, June 21, 2022, and directing Defendants to file a response by Friday, June 17, 2022. (Doc. 34.) Defendants did not respond, however, until Monday, June 21, 2022, the date set for oral argument. (Doc. 37.)

At the hearing, on Plaintiff's motion (Doc. 38), the Court ordered Defendants' untimely response stricken from the record. (Doc. 39.) The Court also granted Plaintiff's Motion to Amend Scheduling Order and for Rule 37 Sanctions (Doc. 33) and directed Plaintiff to file an application for attorneys' fees in accordance with the local rules. (Doc. 39.) The Court also directed Plaintiff to file a proposed order, accompanied by briefing, setting forth additional relief sought for Defendants' discovery misconduct. (*Id.*)

Consistent with the Court's direction, Plaintiff filed the instant Brief in Support of Proposed Discovery Sanctions. (Doc. 41.) Plaintiff proposes that, as a sanction for Defendants' discovery misconduct, their objections to Plaintiff's written discovery and Rule 30(b)(6) deposition notice should be deemed waived. (*Id.* at 2.) In addition, Plaintiff proposes that Defendants be required to serve complete responses to Plaintiff's discovery requests within 14 days of the entry of this Order. (*Id.* at 6.) Defendants do not meaningfully challenge Plaintiff's factual recitation but object to Plaintiff's proposed sanctions as unwarranted.

### III.

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the

rules of discovery." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The district court's discretion has "particularly wide latitude" in the Ninth Circuit. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Under Rule 37(b)(2), if a party "fails to obey an order to provide or permit discovery," "the court where the action is pending may issue further just orders," including: "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," "prohibiting the disobedient party from supporting or opposing designated claims or defenses," and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2).

The Court agrees with Plaintiff that ordering Defendants' objections waived is an appropriate sanction, for two reasons. First, Defendants' objections were untimely. Defendants Wisnowski Inc. and Skin Cabaret LLC did not respond to Plaintiff's written discovery at all, while Defendants Freedom of Expression and Todd Borowsky responded only after the deadline set by the Court. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Second, to the extent Defendants did serve objections, those objections did not meet the specificity requirements set forth in Federal Rules of Civil Procedure 33 and 34. (*See* Doc. 18 at 2 ("The Federal Rules of Civil Procedure do not permit 'general' or 'global' objections. The Court will therefore neither consider nor rule on objections that are not specific to the individual interrogatory or request propounded.").) Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category," an objecting party must "state with specificity the grounds for objecting to the request, including the reasons."); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any

objection at all."). For the same reasons, Defendants' generalized, boilerplate objections to Plaintiff's proposed Rule 30(b)(6) deposition topics were similarly unpersuasive. (*See* Doc. 33-3.)

Accordingly, the Court concludes that, other than valid, specific, and supported objections based on attorney-client and work product privileges, all of Defendants' objections to Plaintiff's written discovery, and to Plaintiff's Rule 30(b)(6) deposition notice, are hereby waived. The Court further concludes this sanction will "serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988).

**IV.**

Therefore,

**IT IS ORDERED** directing <u>all</u> Defendants to serve full and complete discovery responses to Plaintiff's requests for production and interrogatories by no later than fourteen (14) days after the entry of this Order.

**IT IS FURTHER ORDERED** directing <u>all</u> Defendants to produce responsive documents to Plaintiff's requests for production by no later than fourteen (14) days after the entry of this Order.

**IT IS FINALLY ORDERED** directing Defendants to serve such responses and produce such documents <u>without objections</u>, except for valid claims of attorney-client privilege, for which Defendants shall also serve a detailed privilege log in compliance with Rule 26(b)(5)(A).

Dated this 20th day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge