**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malaika Washington, et al., | No. CV-21-01318-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Freedom of Expression LLC, et al., | |
| Defendants. | |

Freedom of Expression, LLC d/b/a Bones Cabaret, Wisnowski Inc. d/b/a Skin Cabaret, Skin Cabaret LLC, and Todd Borowsky (collectively, "Defendants") own and operate the adult entertainment clubs of Bones Cabaret ("Bones") and Skin Cabaret ("Skin") in Scottsdale, Arizona. (Doc. 6 at 3.) Plaintiff Malaika Washington brings suit under the Fair Labor Standards Act ("FLSA"), individually and on behalf of all other similarly situated, against Defendants seeking to recover unpaid wages. (Doc. 1 at 1.) Plaintiff contends that she formerly worked for Defendants as an exotic dancer at Bones and Skin, and that she and putative collective action members were not paid the minimum wages owed to them in violation of 29 U.S.C. § 207(a). (Doc. 23 at 2.)

## I.

The matter is before the Court on Plaintiff's Motion for Conditional Certification. (Doc. 23.) Plaintiff requests that the Court conditionally certify the following FLSA collective 29 U.S.C. § 216(b): "All current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present."

(Doc. 23 at 3.) Plaintiff's Motion also requests approval of a proposed notice and consent procedure a well as an order from the Court directing Defendants to provide the names, known addresses, phone numbers, dates of birth, email addresses, driver's license numbers, social security numbers, and dates of employment of the putative collective members. (*Id.* at 17.) Defendants maintain that the putative collective members are not similarly situated to Plaintiff by virtue of a mandatory arbitration agreement. (Doc. 26 at 2.) Defendants also object to some of Plaintiff's proposed notice procedures and disclosure requests. (*Id.* at 6-9.) For the following reasons, the Motion will be granted, in part.

## II.

### A.

The FLSA provides employees with a private right of action to enforce the minimum wage and overtime provisions within the statute. *See* 29 U.S.C. § 216(b). The minimum wage provision mandates that covered employers pay employees "not less than" a prescribed statutory minimum. 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid minimum wages[.]" *Id.* § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." *Id.* Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Id.*

The term "similarly situated" is critical for defining collective action status. Yet, the text of the FLSA does not define the term. Courts have taken a variety of approaches to fill in this gap. In *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), the Ninth Circuit considered the appropriate standard for district courts to apply when deciding a motion to certify a collective action. The court held that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. Plaintiffs' "burden is light," but conditional certification is "by no means automatic." *Colson v. Avnet, Inc.*, 687

F. Supp. 2d 914, 925 (D. Ariz. 2010). "The level of consideration is . . . akin to a plausibility standard." *Campbell*, 903 F.3d at 1109. District courts are directed to focus on "similarities among the party plaintiffs" instead of scrutinizing differences. *Id.* at 1117. "If the party plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id.* at 1114. The similarly situated requirement may be satisfied by showing that a plaintiff and the putative members of the collective action were subject to a common decision, policy, or plan of the employer. *Id.* at 1102. "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014) (internal quotations omitted).

Once the district court preliminarily certifies a FLSA class, a notice is disseminated to putative members of the collective action "advising them that they must affirmatively opt in to participate in the litigation." *Id.* at 1109. Following discovery, "[t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point." *Id.*

**B.**

The Court finds that Plaintiff's proposed collective of all current and former exotic dancers who worked for Defendants at any time since July 29, 2021 satisfies the requirement that collective members be similarly situated with one another. According to Plaintiff, she and the putative collective members "are similarly if not identically, situated with respect to their job requirements and compensation scheme." (Doc. 23 at 9.) Specifically, Plaintiff alleges that she shared the same job title and duties with the putative collective, that Defendants misclassified Plaintiff and the putative collective as independent contractors, and that Defendants' pay practices were the same as to all putative collective members. (*Id.*)  These allegations provide material factual and legal similarity among the putative collective. Namely, whether Defendants' polices or practices resulted in Plaintiff and the putative collective being misclassified as independent contractors and thus underpaid. *See Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 658-59 (D.

Ariz. 2020) ("It necessarily follows that, where Plaintiffs have the same job duties, so too were they all subject to the same decision, policy, or plan.") (internal marks and citation omitted).

Defendants object to finding the proposed collective similarly situated on the grounds that many of the collective members have purportedly entered into a premise use license agreement containing a mandatory arbitration clause. (Doc. 26 at 2.) Defendants maintain that this would render many collective members ineligible for the collective action. (*Id.* at 4-5.) Defendants' concerns highlight that "neither the remedial purpose of the FLSA, nor the interests of judicial economy, would be advanced if [the court] were to overlook facts which generally suggest that a collective action is improper." *Longnecker v. Am. Ex. Co.*, No. 14-CV-0069-HRH, 2014 WL 4071662, at *4 (D. Ariz. Aug 18, 2014). But given the evidence at this stage, the Court cannot conclude that the mandatory arbitration agreements are enforceable let alone that they predominate the putative collective members. In fact, Defendants concede that they cannot find any documentation or paperwork demonstrating that Plaintiff signed the relevant premise use license agreement. (Doc. 26 at 5.) There is nothing to suggest that other putative collective members are not in the same position as Plaintiff with respect to the existence of their premise use license agreements. Nonetheless, the Court will only certify a conditional class of those putative class members who are found to not be bound by an enforceable arbitration clause.

### III.

Plaintiff next moves for the Court to approve of a comprehensive notice and consent plan. (Doc. 23 at 14.) In sum, Plaintiff requests that the Court: [i] "approve of the Notice of Rights and Consent form"; [ii] approve "that the notice and consent forms be mailed by first class mail, text message and by electronic mail to all current and former dancers employed by Defendants at any time from three years prior to the granting of this Motion to present"; [iii] allow Plaintiff's counsel to "hire a third-party class action administration company to oversee the mailing of the notice and forms"; [iv] allow Plaintiff "to send text

message notifications to the putative class with a link to a website containing the notice form"; [v] allow the putative collective the option "to exercise their consent forms online through an electronic signature service"; [vi] permit notice to be twice sent to the putative class members – "first within 14 days of receiving the class list and a second time 30 days after, but only to class members who have not joined"; and [vii] order Defendants to produce, in a computer-readable format, the "names, known addresses, phone numbers, dates of birth, email addresses, driver's license numbers, social security numbers, and dates of employment for" all putative collective members. (*Id.* at 14-17.)

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Courts must carefully avoid authorizing a notice procedure that amounts to "the solicitation of claims." *Id*. Here, because none of the language threatens the appearance of a judicial endorsement of the merits, the Court approves of Plaintiff's proposed collective action Notice (Doc. 23-3) and the Consent to Join form (Doc. 23-4) as fair and accurate. *See Hoffman-La Roche*, 493 U.S. at 170.

Notice by regular mail is a standard form of notice for putative FLSA collective action members. Notice by email is also warranted. Email has become a reliable method of business communication and is acceptable here. *See Weeks*, 494 F. Supp. 3d at 659. Reminder notice is likewise a standard notice procedure in collective action cases, given that the FLSA requires putative collective members to opt-in. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010). The Court will permit Plaintiff to send a reminder notice to putative collective members who do not respond to the initial notice.

The Court agrees with Plaintiff in finding that notification via text message is warranted here given the transient nature of many of the putative class members. As Plaintiff points outs, Defendants claim not to have email addresses for all the putative collective members, thus text notification is neither duplicative nor overly intrusive. *See*

*Shoults v. G4s Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, 2020 WL 8674000, at *4 (D. Ariz. July 31, 2020) (allowing notification via text message and email). The Court will also allow putative collective members to exercise their consent forms online via an electronic signature service. In its discretion, the Court finds that the hiring of a third-party class action administration company to oversee the notice and consent mailing is not unreasonable. Thus, Plaintiff will be permitted to do so.

While the Court will order Defendants to disclose some of Plaintiff's requested identifying information, much of Plaintiff's request is overly broad and unnecessarily seeks sensitive information. The Court agrees with Defendants that there is no legitimate reason for Plaintiff to obtain the social security numbers, dates of birth, or driver's license numbers for any of the putative collective members.

**IV.**

Accordingly, IT IS ORDERED

1.    Plaintiff's Motion for Conditional Certification (Doc. 23) is **granted** to the extent that the following FLSA collective action is certified: All current and former exotic dancers who worked for Freedom of Expression, LLC d/b/a Bones Cabaret, Wisnowski Inc. d/b/a Skin Cabaret, Skin Cabaret LLC, and Todd Borowsky on or after July 29, 2018.

2.    Plaintiff's Motion, to the extent it seeks approval of the proposed notice and consent procedures, is **granted in part and denied in part**.

a.    Defendants shall, **within fourteen (14) days of this Order**, provide to Plaintiff's counsel, in Excel format (.xlxs), the names, known addresses, phone numbers, email addresses, and dates of employment of all putative collective members so that Plaintiff may notify them of the collective action.

b.    Plaintiff's counsel may, **within fourteen (14) days of receiving Defendants' disclosure**, send, by U.S. Mail, email message, and text message a copy of the Court-approved Notice and Consent Form to all putative collective members.

c.    The putative collective members shall have **ninety (90) days from**

**the date of this Order** to return their signed Consent forms for filing with the Court.

d. Plaintiff's counsel may, **within thirty (30) days of receiving Defendants' disclosure**, send a follow-up email, postcard, or text message to those putative collective members who did not respond to the initial notice.

3. All other motions remain pending. (Docs. 45, 46.)

Dated this 30th day of September, 2022.

Michael T. Liburdi
United States District Judge