**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Malaika Washington,

               Plaintiff,

v.

Freedom of Expression LLC, et al.,

               Defendants.

No. CV-21-01318-PHX-MTL

**ORDER**

**I.**

The matter is before Court on Plaintiff's Motion for Attorneys' Fees Related to Plaintiff's Motion to Compel and Motion for Sanctions. (Doc. 45.) Plaintiff previously filed a Motion for Rule 37 Sanctions (Doc. 33) stemming from an earlier Motion to Compel (Doc. 22). On June 21, the Court granted Plaintiff's Motion for Rule 37 Sanctions and directed Plaintiff's counsel to file an application for attorneys' fees. (Doc. 39.) The instant application followed.

Plaintiff requests $20,556.80 in attorneys' fees. (Doc. 45 at 8.) This amount accounts for 39.0 hours of attorney time and 0.4 hours of staff time. (Doc. 45-1 at 11.) Defendants do not dispute Plaintiff's entitlement to and eligibility for an award of attorneys' fees, but ask the Court to reduce the amount of the award to no more than $12,346.35. (Doc. 47 at 2.) Defendants primarily object on the grounds that the Plaintiff's counsel's applicable rate is excessive, and that time spent in preparation for the cancelled Rule 30(b)(6) deposition falls outside the scope of the Rule 37 sanction Order. (Doc. 47 at

2, 4, 5.) For the following reasons, the Court grants Plaintiff's Motion with modifications.

## II.

The Federal Rules of Civil Procedure provide that, should a motion to compel be granted, "the court must, after giving an opportunity to be heard," award "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). District courts may also impose sanctions, including payment of attorneys' fees, for failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2)(C). In addition, the Court has the inherent authority to award attorneys' fees as a sanction for "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

In evaluating the amount of attorneys' fees to award as a sanction, "[t]he court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." *Good Year Tire & Rubber Co. v. Hagey*, 137 S.Ct. 1178, 1187 (2017). To determine the reasonableness of a requested award of attorneys' fees, the Court uses the lodestar approach. *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 Fed. Appx. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

## III.

Plaintiff is both eligible and entitled to recover her attorneys' fees. Both the Federal Rules of Civil Procedure and the Court's inherent authority permit an award of attorneys' fees in the instant matter. In granting Plaintiff's Motion for Rule 37 Sanctions (Doc. 33), the Court found that Defendants engaged in dilatory conduct by both failing to make a Rule 30(b)(6) representative available for a deposition and refusing to provide complete responses by the Court's expressly ordered deadline. (Doc. 39.) Thus, the Court directed

1   Plaintiff's counsel to file the instant Motion.*

2          In total, after "voluntary exercise of billing judgment[,]" Plaintiff's counsel seeks to

3   recover attorneys' fees for 39.4 hours of work – totaling $20,556.80. (Doc. 45 at 5.)

4   Defendants object on the grounds that the applicable rate sought is excessive and that time

5   spent in preparation for the Rule 30(b)(6) deposition falls outside the scope of these

6   sanctions. (Doc. 47 at 2, 4, 5.)

7          Plaintiff's counsel seeks a $525.00 hourly rate for two associate attorneys and a

8   $206.00 and $203.00 hourly rate for paralegals and accounting staff, respectively. (Doc.

9   45 at 6.) In determining whether an hourly rate is reasonable, "the district court should be

10  guided by the rate prevailing in the community for similar work performed by attorneys of

11  comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th

12  Cir. 2011). The Court finds that the billing rates requested are excessive for the Phoenix

13  legal market. *See e.g.*, *Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-

14  DLR, 2016 WL 8669298, at *2 (D. Ariz. Oct. 28, 2016) (awarding attorneys' fees in an

15  FLSA case at a rate of $475 an hour for a twenty-year attorney); *Mayweathers v. Iconic*

16  *Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700, at *3 (D. Ariz. Nov. 10,

17  2020) (awarding attorneys' fees in an FLSA case at a rate of $378.75 per hour); *Strojnik v.*

18  *Driftwood Hosp. Mgmt. LLC*, No. CV-20-01532-PHX-DJH, 2021 WL 5961645, at *4 (D.

19  Ariz. Dec. 16, 2021) (awarding attorneys' fees in an employment law case at a rate of $460

20  per hour). Plaintiff cites *World Nutrition Inc. v. Advanced Supplementary Techs. Corp.*,

21  No. CV-19-00265-PHX-GMS, 2022 WL 2111226 (D. Ariz. June 10, 2022), for the

22  proposition that its requested hourly rate is reasonable. But that case involved complex

23  commercial litigation issues relating to "Lanham Act claims in a relatively specialized

24  subject matter: the enteric coatings of systemic enzyme products." *World Nutrition*, 2022

25  WL 2111226, at *4. Such complex issues are not presented here. *See Verduzco v. Value*

26  

27  _____
    * Local Rule of Civil Procedure 54.2 requires claims for attorneys' fees to be accompanied
    with a complete copy of any written fee agreement. LRCiv 54.2(d)(2). Plaintiff is granted
28  leave from the requirements of LRCiv 54.2(d)(2) for the limited purpose of the instant
    application for attorneys' fees arising out of the Court's previous Order granting Rule 37
    Sanctions. (Doc. 39.)

*Dental Centers Mesa W. AZ LLC*, No. CV-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding a "moderate amount of skill [necessary] to litigate FLSA cases") (internal marks and citation omitted). Thus, the Court discounts Plaintiff's requested hourly rate to $450.00 an hour.

Defendants object to any amount awarded for time spent on preparation for a Rule 30(b)(6) deposition. Defendants' objection is not well taken. Plaintiff's Motion to Compel was based, at least in part, on Defendants' last-minute cancellation of a Rule 30(b)(6) deposition and continued failure to provide a corporate representative for deposition. (Doc. 22.) In fact, the record still indicates that a Rule 30(b)(6) deposition has not taken place. Although Plaintiff may receive some benefit from the previous deposition preparation, the preparation was conducted by an attorney no longer associated with Plaintiff's counsel's firm. (Doc. 52 at 4.) Over six months have passed since the preparation was completed. Plaintiff's counsel will certainly have to conduct a new round of preparation closer to the date of any Rule 30(b)(6) deposition. These costs would not be incurred but for the Defendants dilatory conduct. Thus, the Court will award attorneys' fees for time spent in preparation for the cancelled Rule 30(b)(6) deposition.

Applying the hourly rate discussed above, the Court calculates the lodestar yielding a total of $17,812.20.

///

///

///

///

///

///

///

///

///

///

**IV.**

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Attorneys' Fees Related to Plaintiff's Motion to Compel and Motion for Sanctions. (Doc. 45.)

**IT IS FURTHER ORDERED** that Defendants shall pay $17,812.20 in attorneys' fees within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file a notice of satisfaction within seven (7) days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 4th day of October, 2022.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge