

Dennis I. Wilenchik, #005350
John "Jack" D. Wilenchik, #029353
Tyler Q. Swensen, #015322
Karl McKay Worthington, #018703
admin@wb-law.com
*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Malaika Washington, Individually and on behalf of all others similarly situated,** | Case No. 2:21-cv-01318-MTL |
| **Plaintiffs,** | **DEFENDANTS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **Freedom of Expression, LLC d/b/a Bones Cabaret, Wisnowski Inc. d/b/a Skin Cabaret, and Todd Borowsky, Individually,** | (Oral Argument Requested) |
| **Defendants.** | |

Freedom of Expression, LLC d/b/a Bones Cabaret ("Bones"), Wisnowski Inc., d/b/a Skin Cabaret ("Skin") and Todd Borowsky ("Borowsky") (jointly, "Defendants"), pursuant to Rule 56, FRCP, submit this Separate Statement of Facts in Support of Plaintiffs' Motion for Summary Judgment filed this same date.

1. The twenty-two (22) Plaintiffs in this case are as follows: (1) Lauren Amad ("Amad"); (2) Lana Baumgartner ("Baumgartner"); (3) Mia Bland ("Bland"); (4) Denise Brown ("Brown"); (5) Hailey Burket ("Burket"); (6) Valerie Cervantes ("Cervantes"); (7) Terilyn Christy ("Christy"); (8) Abigail Cole ("Cole"); (9) Michelle Donarski ("Donarski"); (10) Audra Erickson

("Erickson"); (11) Janessa Galvan ("Galvan"); (12) Ellesse Greer ("Greer"); (13) Jenny Hamm ("Hamm"); (14) Jacqueline Hodge ("Hodge"); (15) Lordes Rozales Lepe ("Lepe"); (16) Shozanna Levon ("Levon"); (17) Elizabeth Miklosi ("Miklosi"); (18) Simone Patton ("Patton"); (19) Ramana Rayborn ("Rayborn"); (20) Khadijah Sidique ("Sidique"); (21) Linda Tanner ("Tanner"); and (22) India Warren ("Warren"). [Plaintiffs' First Supplemental Disclosure Statement, pp.2-8, relevant pages attached as **Exhibit 1**].

      2.      Each of the Plaintiffs executed a Performer Lease Agreement ("PLA"), prior to performing as independent contractors at Defendants' clubs and several of them executed multiple PLAs. [PLAs signed by each Plaintiff, copies attached as **Exhibit 2** (Amad's PLA at pp.1-3; Baumgartner's PLA at pp.88-89; Bland's PLA at pp.7-8; Brown's PLA at pp.32-43; Burket's PLA at pp.65-67; Cervantes's PLA at pp.26-28; Christy's PLA at pp.29-31; Cole's PLA at pp. ; Donarski's PLA at pp.50-52; Erickson's PLA at pp.4-6; Galvan's PLA at pp.92-94; Greer's PLA at pp.9-10; Hamm's PLA at pp.90-91; Hodge's PLA at pp.76-81; Lepe's PLA at pp.59-61; Levon's PLA at pp.11-19; Miklosi's PLA at pp.82-87; Patton's PLA at pp.20-25; Rayborn's PLA at pp.74-75; Sidique's PLA at pp.68-73; Tanner's PLA at pp.52-58; and Warren's PLA at pp.44-48); Declaration of Chuck Huus, ¶ 7, attached as **Exhibit 3;** Plaintiffs' Responses to Defendants' Written Deposition Questions, Question 4, relevant pages attached hereto as **Exhibit 4**].

      3.      The PLAs signed by Plaintiffs expressly and specifically state that the "Company and Licensee intend to create a lessor – lessee relationship…." and the business relationship created by the PLAs was not to be construed as an "employer/employee" relationship, but rather, the "Company and Licensee expressly acknowledge that the status created between the Company and Licensee is that of a lease for use of the premises." [**Exhibit 2**, ¶¶ 1 and 2 of each PLA].

      4.      In addition to the PLAs, at the end of each shift during which they chose to perform at Defendants' clubs, each of the Plaintiffs signed a Shift Log & Earning Certification Form certifying that they had received compensation "while Performing at the [club] **as an Independent Contractor (Licensed Entertainer).**" [**Exhibit 3**, ¶ 10].

      5.      Defendants provided a forum or venue for Plaintiffs as performers and did not have the right to dictate the details of the performances, except, of course, to insure they were within

the bounds of decency under the law and that Plaintiffs' conduct would not expose Defendants to criminal or civil liability. [**Exhibit 3**, ¶ 20].

6. Plaintiffs, by signing their PLAs and the daily shift forms, have admitted that when they entered into their respective business relationships with the Defendants, they understood that they would receive compensation exclusively through tips from patrons of the clubs—not through payment of any hourly wages from Defendants. [**Exhibit 2**, ¶ 3 of each PLA; **Exhibit 3**, ¶ 18].

7. Plaintiffs have admitted that they were not paid wages or a salary by Defendants. [**Exhibit 4**, Question 4].

8. Plaintiffs were required to obtain and maintain a valid, current "Adult Service Provider" permit from the City of Scottsdale on their own and were not assisted by Defendants in any way in meeting that requirement. [**Exhibit 3**, ¶ 19].

9. Defendants never restricted nor prohibited any of the Plaintiffs from performing at other competing clubs or working anywhere else for that matter, during the time they were under contract with Defendants as independent contractors and many of them did. [**Exhibit 3**, ¶¶ 11, 12].

10. Plaintiffs choreographed and/or improvised their own dance routines while performing at Respondents' clubs without any interference from Defendants. [**Exhibit 3**, ¶ 13]. Respondents never directed Plaintiffs' performances or routines and allowed them complete freedom (within the bounds of the law) to perform however they chose. [**Exhibit 3**, ¶¶ 14, 20, 21].

11. Plaintiffs paid for and were free to select their own costumes (again, within the bounds of the law), as well as their makeup for their performances. [**Exhibit 3**, ¶¶ 15; **Exhibit 2**, ¶¶ 4, 6, 7 of each PLA].

12. Respondents never directed Plaintiffs regarding their costuming or makeup. [**Exhibit 3**, ¶ 16].

13. Plaintiffs were not reimbursed by Defendants for any expenses associated with their costuming, makeup, or any other costs they incurred related to their work as independent contractors doing performances at Defendants' clubs. [**Exhibit 2**, ¶ 4 of each PLA; **Exhibit 3**, ¶ 15; **Exhibit 4**, Question 20].

3

14. Plaintiffs were not required to perform at any specific time or for any defined number of hours per week. [**Exhibit 2**, ¶ 3 of each PLA; **Exhibit 3**, ¶ 17; **Exhibit 4**, Question 7].

15. Defendants never set a work schedule for the Plaintiffs. Each Plaintiff set her own work schedule. [*Id.*].

16. If one of the Plaintiffs was unable to perform during one of the shifts that she had informed Defendants she would be working or if she simply did not show up for that shift, Defendants would just have another dancer take her place, since no specific dancer was integral to Defendants' business. [**Exhibit 3**, ¶ 22].

17. Each Plaintiff, by signing a PLA, expressly agreed that "if Licensee initiates or supports any assertion that the relationship is anything other than set forth in this paragraph, then in addition to the reimbursement provided for by this paragraph, Licensee shall pay to Company all additional costs and expenses incurred by company, including actual and reasonable attorney's fees in defending such action." [**Exhibit 2**, ¶ 2 of each PLA].

18. The only supervision or intervention by the Defendants related to Plaintiffs' work was related exclusively to ensuring that activities in their clubs were all in compliance with applicable laws and ordinances and aimed at exercising a modicum of control over these independent contractors to avoid potential civil or criminal liability. [**Exhibit 2**, ¶¶ 6, 7 of each PLA; **Exhibit 3**, ¶ 20, 21].

19. Other than a few reasonable house rules and restrictions on illegal, criminal, or other untoward behavior, which were enforced by assessing fines or terminating the offending dancer's independent contractor status, Defendants exerted virtually no control over how Plaintiffs did the work they were hired, as independent contractors, to perform. [*Id.*].

20. Allowing Plaintiffs to perform and earn money at other exotic dance clubs that directly competed against Defendants is the standard practice in the industry (which relies on the services of these independent contractors who are notoriously transient) and Defendants never precluded, nor sought to preclude, Plaintiffs from dancing at competing clubs. [**Exhibit 3**, ¶¶ 11, 12, 22].

21. Defendants did not pay Plaintiffs as employees for their dance performances at any time. [**Exhibit 2**, ¶ 5 in each PLA; **Exhibit 3**, ¶ 18].

**RESPECTFULLY SUBMITTED** on June 14, 2024.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Tyler Q. Swensen*
Dennis I. Wilenchik, Esq.
John "Jack" D. Wilenchik
Tyler Q. Swensen, Esq.
K. McKay Worthington
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on June 14, 2024, a true and correct copy of the foregoing filing was served on all counsel of record via the Court's electronic filing system / CM/ECF system.

*/s/    Alice Nossett*

5