**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malaika Washington, et al., | No. CV-21-01318-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Freedom of Expression LLC, et al., | |
| Defendants. | |

Before the Court is Defendants Freedom of Expression LLC, Wisnowsky Incorporated, and Todd Borowsky's (collectively "Defendants") Application for an Award of Reasonable Expenses as a Sanction Against Certain Plaintiffs. (Doc. 214.) The Application is fully briefed. (Docs. 214, 218, 219.) For the following reasons, the Court will grant the Application in part and deny the Application in part.

**I.   BACKGROUND**

The Court has previously set forth the factual background of this Motion. (Doc. 210.) As relevant here, Plaintiffs and Defendants were involved in a discovery dispute concerning Plaintiffs' responses to Written Deposition Question 26 ("Question 26"). (*Id.* at 2.) The Court resolved the dispute by ordering Plaintiffs to "provide full answers, while stating objections, to Defendants' written deposition questions no later than January 10, 2024." (Doc. 185.) Despite the Court's Order, twelve Plaintiffs still failed to provide sufficient information under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. (Doc. 210 at 6-7.) Defendants asked the Court to dismiss the twelve Plaintiffs

as a sanction for violating the Court's discovery order. (*Id.* at 4.) The Court instead ordered the twelve Plaintiffs to pay Defendants' reasonable expenses related to the litigation over Question 26. (*Id.* at 10.) Specifically, the Court ordered:

> The Court will award Defendants' reasonable expenses related to the litigation of this discovery issue, beginning on October 31, 2023, the date that the Court issued its Amended Scheduling Order permitting limited additional discovery, up to and including Defendants' fee application following this Order. The reasonable expenses will be paid by the [twelve] Late Disclosing Plaintiffs.

(*Id.* at 10-11.)

Defendants submitted their fee application requesting $31,775.25 in fees based on 94.25 billable hours. (Docs. 214, 215.) Plaintiffs responded on May 28, 2024, arguing that "Defendants' billing entries are overwhelmingly irrelevant, duplicative, excessive, and unnecessary." (Doc. 218 at 1.) Defendants filed their reply on June 04, 2024. (Doc. 219.)

## II.     LEGAL STANDARD

Federal district courts "possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). One aspect of the court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). A permissible sanction includes "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co.*, 581 U.S. at 107. Such a sanction, however, "must be compensatory rather than punitive in nature." *Id.* at 108.

A sanction of attorney's fees and costs is compensatory when it "shift[s] only those attorney's fees incurred because of the misconduct at issue." *Id.*; *see also Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021). To determine if a fee occurred because of a party's misconduct, the court asks if its sanctions "cover[] the legal bills that the litigation abuse occasioned," or if  the fees "would have occurred without the

misconduct." *Goodyear Tire & Rubber Co.*, 581 U.S. at 108.

A party requesting attorney's fees pursuant to a sanction order must ensure their request is reasonable. To determine the reasonableness of a requested fee award, the court uses the lodestar approach. *Coe v. Hirsch*, No. CV-21-00478-PHX SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 Fed. Appx. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 982 (9th Cir. 2008)).

## III. DISCUSSION

### A. Relevance of the Requested Attorneys' Fees

Plaintiffs bring three challenges under *Goodyear Tire and Rubber Company*.

#### 1. Separate Arbitration Proceeding

Plaintiffs first challenge the following time entries, which they claim relate to a separate arbitration proceeding before the American Arbitration Association:

| 1/30/24 | TQS | 2.10 | $735.00 | EXCHANGE E-MAILS WITH OPPOSING COUNSEL AND D. WILENCHIK REGARDING PLAINTIFF'S REQUEST THAT WE WITHDRAW OUR MOTION TO DISMISS (.6); BEGIN DRAFTING SETTLEMENT MEMORANDUM (1.5) |
|---|---|---|---|---|
| 2/2/24 | MAB | 0.10 | $17.50 | REVIEW E-MAIL FROM COUNSEL TO ARBITRATOR REGARDING SETTLEMENT CONFERENCE |

(Doc. 218 at 4.) Defendants agree these entries were submitted in error. (Doc. 219 at 1.) Accordingly, the Court deducts 1.50 hours from the January 1, 2024, entry and 0.10 hours from the February 2, 2024, entry. Defendants' fee request is reduced by $542.50.

#### 2. Events Arising During the Normal Course of Litigation

Plaintiffs next challenge five entries that they claim would have arisen during the normal course of litigation and are wholly irrespective of the sanctionable conduct. (Doc. 218 at 5.) Those entries are:

- 3 -

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 12/7/23 | TQS | 0.70 | $245.00 | TELECONFERENCE WITH OPPOSING COUNSEL RE HIS REQUEST FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY RESPONSES. (0.2). EXCHANGE EMAILS WITH D. WILENCHIK AND M. WORTHINGTON RE THE SAME AND SEND EMAIL TO OPPOSING COUNSEL AGREEING TO MUTUAL EXTENSION OF DEADLINE FOR WRITTEN DISCOVERY RESPONSES ONLY (0.5) |
| 12/8/23 | TQS | 0.30 | $105.00 | EXCHANGE E-MAILS WITH OPPOSING COUNSEL RE DISCOVERY ISSUES |
| 12/11/23 | TQS | 2.80 | $980.00 | PREPARE, REVISE, FINALIZE, AND FILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 30(B)(6) DEPOSITION |
| 12/12/23 | TQS | 0.50 | $175.00 | PREPARE NOTICE OF ERRATA ADDRESSING ERROR IN RESPONSE TO MOTION TO COMPEL BY PLAINTIFFS |
| 12/14/23 | TQS | 1.80 | $630.00 | REVIEW COURT'S DENIAL OF PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND EXCHANGE E-MAILS WITH CLIENT REGARDING (.3); BEGIN REVIEWING PLAINTIFF'S RESPONSES TO DEPOSITION QUESTIONS AND REQUESTS FOR PRODUCTION (1.5) |

(*Id.*)

Defendants argue their review of Plaintiffs' responses to deposition questions and requests for production were "absolutely necessary . . . to properly frame Defendants' arguments to the Court." (Doc. 219 at 2.) Defendants also argue their review of Plaintiffs' Motion to Compel a Rule 30(B)(6) Deposition was part of an attempt by Plaintiffs to "stonewall[] Defendants on critical, legitimate written deposition questions." (*Id.*) Defendants conclude with an overarching point: they "would not have incurred any of the fees sought in the Fee App[lication] if Plaintiffs had simply done what they had agreed and stipulated they would do in the first place." (*Id.*)

Sanctions under the Court's inherent powers generally must "shift only those attorney's fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co.*,

581 U.S. at 108. In December 2023, Plaintiffs failed to meaningfully respond to Question 26. (Docs. 172, 180, 181.) That prompted the ensuing discovery dispute leading to these sanctions. (Docs. 181, 210 at 2.) The December responses were, however, Plaintiffs first response to the written deposition questions submitted by Defendants. That means the legal fees arising from Defendants' review of the December responses would have occurred during the normal course of litigation and absent the sanctioned conduct. *See Goodyear Tire & Rubber, Co.*, 581 U.S. at 108. The legal fees arising from the motion to extend discovery deadlines and emails with opposing counsel also would have occurred absent the sanctioned conduct because those events happened before Plaintiffs provided their December responses. (Doc. 180.) Therefore, the Court deducts 0.70 hours from the December 7, 2023, entry; 0.30 hours from the December 8, 2023, entry; and 1.50 hours from the December 14, 2024, entry.

Similarly, the Court will deduct the entries related to Plaintiffs' Motion to Compel a Rule 30(B)(6) Deposition. Although that motion occurred around the same time as Plaintiffs' sanctionable conduct, it involved a separate discovery issue from Question 26 and is not causally connected. *See Goodyear Tire & Rubber, Co.*, 581 U.S. at 109. Therefore, the Court also deducts 2.80 hours from the December 11, 2023, entry; 0.50 hours from the December 12, 2023, entry; and 0.30 hours from the December 14, 2023, entry. Defendants' fee request is reduced by $ 2,135.00.

Defendants unpersuasively argue their review of Plaintiffs' Motion to Compel a Rule 30(B)(6) Deposition was part of Plaintiffs' attempt to "stonewall Defendants." (Doc. 219 at 2.) "In exceptional cases, . . . a trial court [can] shift all of a party's fees, from either the start or some midpoint of a suit." *Goodyear Tire & Rubber, Co.*, 581 U.S. at 110. But this is not an exceptional case. The Court disagrees that Plaintiffs engaged in some sort of "sordid scheme" to stonewall the entire discovery process. *Id.* The scope of sanctions will remain limited to Defendants' reasonable expenses incurred because of Plaintiffs' misconduct with Question 26. (Doc. 210 at 10.)

### 3. Administrative Fees

Plaintiffs conclude by challenging two entries they claim are wholly administrative in nature. (Doc. 218 at 5-6.) They are:

| 2/12/24 | MAB | 0.10 | $17.50 | REVIEW E-MAIL FROM THE COURT CONFIRMING FILING OF RESPONSE TO MOTION TO DISMISS AND MOTION TO STRIKE REPLY |
|---|---|---|---|---|
| 2/16/24 | TQS | 0.80 | $280.00 | EXCHANGE EMAILS WITH CLIENT REGARDING (.3); WORK WITH STAFF TO ORDER TRANSCRIPT OF ORAL ARGUMENT HEARING (.5) |

(*Id.*) Defendants do not address Plaintiffs argument in their reply. (Doc. 219 at 2.) The Court's Order encompasses "reasonable *expenses* related to litigation," which includes administrative tasks done by legal assistants and paralegals. (Doc. 210 at 10); *see also Goodyear Tire and Rubber Co.*, 581 U.S. at 107 (upholding costs as a sanction when they are causally connected to malfeasance). Attorneys, however, cannot recover fees "for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019) (quoting *Thalmer v. City of San Diego*, No. 09-CV-2862-IEG BGS, 2012 WL 1463635, at *5 (S.D. Cal. Apr. 26, 2012)). Accordingly, the Court sustains the 0.10 hours entered on February 12, 2024, and deducts 0.50 from the February 16, 2024, entry. Defendants' fee request is reduced by $175.00.

### B.     Reasonableness of Requested Attorneys' Fees

Plaintiffs next bring three challenges to the reasonableness of Defendants' attorneys' fees.

### 1. Hours Expended

Plaintiffs first challenge the amount of time Defendants spent preparing their Responsive Brief to the Court's Order to Show Cause. (Doc. 218 at 6.) As discussed, the Court issued an Order to Show Cause after Plaintiffs failed to comply with the Discovery Order concerning Question 26. (Doc. 198.) Plaintiffs and Defendants each submitted responsive briefing on the Order to Show Cause. (Docs. 201, 204.) Plaintiffs' brief

contained fifteen pages of argument, numerous legal citations, and over 400 pages of exhibits. (Docs. 201, 201-1, 201-2, 201-3, 201-4, 201-5.) Defendants' brief contained ten pages of argument, numerous legal citations, and one exhibit. (Docs. 204, 204-1.)

Plaintiffs argue the 29.2 hours Defendants spent preparing their responsive brief was unreasonable considering "the vast majority of the . . . brief contained unsupported and conclusory arguments, mixed with attorney opinion[s] purporting as fact and law." (Doc. 218 at 6.) In addition, Plaintiffs point to the fact Defendants' brief only contains one new legal citation. (*Id.*) The relevant entries are:

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 2/29/24 | TQS | 4.50 | $1,575.00 | REVIEW PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE AND BEGIN RESEARCHING CASES CITED THEREIN (2.5); BEGIN OUTLINING REPLY TO PLAINTIFF'S RESPONSE (2.0) |
| 3/1/24 | MCW | 0.70 | $280.00 | REVIEW AND ANALYZE PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE; DRAFT NOTES REGARDING SAME; OFFICE CONFERENCE WITH T. SWENSEN REGARDING SAME |
| 3/1/24 | MAB | 0.10 | $17.50 | REVIEW COURT'S FILING NOTIFICATION REGARDING MOTION FOR ORDER TO SHOW CAUSE BY PLAINTIFF WASHINGTON |
| 3/1/24 | TQS | 1.80 | $630.00 | CONTINUED WORK ON RESPONSE TO PLAINTIFFS' BRIEF RE OSC; EXCHANGE EMAILS WITH M. WORTHINGTON REGARDING THE SAME |
| 3/11/24 | TQS | 3.50 | $1,225.00 | CONTINUE WORK ON RESPONSE TO PLAINTIFFS BRIEF REGARDING COURTS ORDER TO SHOW CAUSE |
| 3/13/24 | MAB | 0.10 | $17.50 | REVIEW E-MAILS BETWEEN COUNSEL REGARDING NOTICE OF UNAVAILABILITY AND FILING SAME WITH THE COURT |
| 3/13/24 | MAB | 0.10 | $17.50 | REVIEW E-MAIL FROM MR. TOUPS REGARDING FILING OF UNAVAILABILITY WITH THE COURT |
| 3/14/24 | ALN | 0.30 | $16.50 | REVISE AND FINALIZE MOTION FOR EXTENSION OF TIME AND PROPOSED ORDER GRANTING MOTION FOR |

| | | | | |
|---|---|---|---|---|
| | | | | EXTENSION |
| 3/14/24 | MAB | 0.10 | $17.50 | REVIEW COURT'S FILING NOTIFICATION OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSE |
| 3/14/24 | MAB | 0.10 | $17.50 | REVIEW E-MAIL TO COUNSEL CONFIRMING SERVICE OF MOTION FOR EXTENSION OF TIME AND PROPOSED ORDER |
| 3/14/24 | MAB | 0.10 | $17.50 | REVIEW COURT'S NOTIFICATION REGARDING ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF |
| 3/14/24 | TQS | 6.40 | $2,240.00 | WORK WITH OPPOSING COUNSEL TO FINALIZE AND FILE NOTICE OF DISCOVERY DISPUTE (0.5) LEGAL RESEARCH ON CASES CITED BY PLAINTIFFS IN THEIR RESPONSE TO COURTS ORDER TO SHOW CAUSE; (3.5) CONTINUE WORKING ON OUR RESPONSE (2.4) |
| 3/15/24 | ALN | 0.20 | $11.00 | ORGANIZE EXHIBITS FOR DEFENDANTS' RESPONSIVE BRIEF REGARDING ORDER TO SHOW CAUSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE LATE DISCLOSURES |
| 3/15/24 | MCW | 0.50 | $200.00 | REVIEW RESPONSE TO ORDER TO SHOW CAUSE MOTION; TELEPHONE CALL WITH T. SWENSEN REGARDING SAME |
| 3/15/24 | TQS | 9.50 | $3,325.00 | FINALIZE AND FILE RESPONSE REGARDING COURTS ORDER TO SHOW CAUSE |
| 3/15/24 | MAB | 0.20 | $35.00 | REVIEW EXECUTED ORDER GRANTING EXTENSION AND CONFIRM DOCKETING OF SAME |
| 3/15/24 | DIW | 1.00 | $500.00 | REVIEW REPLY TO ORDER TO SHOW CAUSE TO DISMISS |

(*Id.* at 7-8.)

In response, Defendants claim they spent "closer to 20 hours drafting, editing, and finalizing" their responsive brief and another six hours doing legal research. (Doc. 219 at 2-3.) Defendants argue that time "was necessary to rebut the specious arguments and misleading factual assertions made by Plaintiffs' counsel." (*Id.* at 3.) As an example, Defendants claim they needed "to comb through virtually the entire record" to verify assertions made in Plaintiffs' brief. (*Id.* at 3.)

The burden rests with the fee applicant to submit "evidence supporting the hours worked and the rates claimed." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (2000)). A fee applicant does so by listing their hours and identifying the general subject matter of their time expenditures. *Id.* Defendants have met that requirement in the abovementioned billing entries. Moreover, spending 29.2 hours of billable time appears reasonable considering the extent of Plaintiffs' responsive brief. Even assuming the 400 pages of exhibits were previously disclosed, Defendants needed to check numerous legal citations and consult the factual record to respond to Plaintiffs' brief. (Doc. 219 at 3.) That, coupled with Defendants drafting a ten-page response, is sufficient to justify 29.2 hours of billable time. The Court finds the time spent by Defendants on their responsive brief was not unreasonable.

### 2.     **Inconsistent Billing**

Plaintiffs next challenge four entries as inconsistent. (Doc. 218 at 8.) They are:

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 2/1/24 | TQS | 1.20 | $420.00 | REVIEW MOTION TO STRIKE AND RESPONSE TO OUR MOTION TO DISMISS FILED BY PLAINTIFFS, AND CONTINUE DRAFTING OUTLINE FOR RESPONSE/REPLY TO SAME (1.0); EXCHANGE EMAILS WITH D. WILENCHIK REGARDING SAME (.2) |
| 2/1/24 | DIW | 0.30 | $150.00 | E-MAILS WITH T. SWENSEN REGARDING PLAINTIFF RESPONSE TO OUR REPLY |
| 4/10/24 | TQS | 3.70 | $1,295.00 | FINALIZE ORAL ARGUMENT OUTLINE AND ORAL ARGUMENT NOTEBOOK (1.5); PREPARE FOR AND PARTICIPATE IN ORAL ARGUMENT REGARDING |

|         |     |      |          |                                                                                                                    |
|---------|-----|------|----------|--------------------------------------------------------------------------------------------------------------------|
|         |     |      |          | COURT'S ORDER TO SHOW CAUSE (2.0); EXCHANGE EMAILS WITH D. WILENCHIK REGARDING SAME (.2)                           |
| 4/10/24 | DIW | 0.30 | $150.00  | EMAILS REGARDING COURT HEARING                                                                                     |

(*Id.* at 8.) Defendants agree there are inconsistencies. (Doc. 219 at 1.) Therefore, the Court deducts 0.10 hours from both the February 1, 2024, and April 10, 2024, entries of attorney Dennis Wilenchik (DIW). Defendants' fee request is reduced by $100.00.

### 3. Double Billing

Plaintiffs finally challenge several entries they claim are double billed or redundant in nature. (Doc. 218 at 8.) Those entries are:

| 12/14/23 | MCW | 1.90 | $712.50   | REVIEW RESPONSES FROM PLAINTIFFS AND EXCHANGE E-MAILS WITH T. SWENSEN AND D. WILENCHIK REGARDING SAME |
|----------|-----|------|-----------|-------------------------------------------------------------------------------------------------------|
| 12/14/23 | MAB | 0.10 | $17.50    | REVIEW COURT'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION                                  |
| 12/14/23 | DIW | 0.30 | $150.00   | REVIEW COURT ORDER AND DISCOVERY ISSUES                                                               |
| 12/14/23 | TQS | 1.80 | $630.00   | REVIEW COURT'S DENIAL OF PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND EXCHANGE E-MAILS WITH CLIENT REGARDING (.3); BEGIN REVIEWING PLAINTIFF'S RESPONSES TO DEPOSITION QUESTIONS AND REQUESTS FOR PRODUCTION (1.5) |
| 12/20/23 | MCW | 1.20 | $450.00   | OFFICE CONFERENCE WITH T. SWENSEN REGARDING ORAL ARGUMENT REGARDING DISCOVERY DISPUTE; TELEPHONE CONFERENCE WITH T. SWENSEN AND S. YOUNG REGARDING SAME; TELEPHONE CONFERENCE WITH OPPOSING COUNSEL REGARDING SAME |
| 12/20/23 | TQS | 3.20 | $1,120.00 | PREPARE FOR AND PARTICIPATE IN HEARING WITH THE COURT REGARDING DISCOVERY DISPUTES (2.2); FOLLOW UP WITH M. WORTHINGTON, D. WILENCHIK, AND |

- 10 -

| | | | | |
|---|---|---|---|---|
| | | | | CLIENT REGARDING (1.0) |
| 1/30/24 | DIW | 0.30 | $150.00 | E-MAILS WITH T. SWENSEN AND FROM PLAINTIFF REGARDING MOTION TO DISMISS AND MEET AND CONFER |
| 3/1/24 | MCW | 0.70 | $280.00 | REVIEW AND ANALYZE PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE; DRAFT NOTES REGARDING SAME; OFFICE CONFERENCE WITH T. SWENSEN REGARDING SAME |
| 4/2/24 | TQS | 0.50 | $175.00 | EXCHANGE E-MAILS WITH OPPOSING COUNSEL (.2); FINALIZE AND FILE MOTION TO EXTEND DEADLINES (.3) |

(*Id.* at 8-9.)

Defendants argue those entries are not double billing and instead are attorneys and paralegals "familiarizing themselves with the arguments being made by the opposition and the orders and rulings of the Court." (Doc. 219 at 3.)

"Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004). The Court finds that the challenged entries are not unnecessarily duplicative. Rather, they demonstrate a common practice of ensuring that all employees participating on a matter remain up-to-date on the litigation. *See id.* Accordingly, the Court sustains the challenged entries.

**IV.  CONCLUSION**

Therefore,

**IT IS ORDERED** granting in part and denying in part Defendants' Application for an Award of Reasonable Expenses as a Sanction Against Certain Plaintiffs. (Doc. 214.)

**IT IS FURTHER ORDERED** that the Plaintiffs listed in the Court's April 26, 2024, Order (Doc. 210) shall reimburse Defendants in the amount of $28,822.75, representing the costs incurred by Defendants to litigate the discovery dispute over Question 26.

. . . .

. . . .

**IT IS FINALLY ORDERED** that, within 30 days of this Order, Plaintiffs shall pay to Defendants the sanctioned amount and file a notice of compliance.

Dated this 9th day of October, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge